# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF NORFOLK, OCTOBER TERM 1838, AT DEDHAM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, } Justices.
Hon. MARCUS MORTON, }

---

## John Baker *versus* James Fuller.

A manufacturer of goods put them into the hands of a common carrier, at Providence, to be carried to Boston and left at the tavern where the carrier's wagon usually stopped, and then went to Boston and presented an invoice of the goods to his factor, stating that they were on the way, and obtained an advance upon them. The manufacturer had previously consigned divers goods to the same factor for sale, and had received advances upon them, and his practice was to deliver the goods at the warehouse of the carrier in Providence, and the expenses of transportation were usually paid by the factor. Afterward, and while the goods in question were on the way, they were attached at the suit of a creditor of the manufacturer. It was *held*, that the factor had no lien, and that the attachment was valid.

Where goods attached by a deputy of the sheriff, are deposited in the hands of a keeper, to be forthcoming on demand, the sheriff has a special property in them and may maintain an action for them against the keeper, for the benefit of the attaching creditor.

The delivery by the keeper, of the goods so attached, to another person, claiming under an adverse title, was held to be equivalent to a conversion. But as they were delivered to the debtor's assignees, who had a right to them, subject only to the prior attachment, it was *held*, that in an action brought by the sheriff against the keeper after the expiration of thirty days from the rendition of the judgment, the declaration ought to aver that a demand of the goods had been made upon the keeper, upon the execution of the attaching creditor, within the thirty days ; or if the plaintiff would rely on the fact that the keeper had disabled himself from delivering the goods, he must aver it in the declaration.

THIS was an action on the case brought by the plaintiff, as sheriff, alleging that on the 17th of November, 1834, his deputy, Lewis Thompson, attached ten boxes of cotton thread, on a writ in favor of George Rice against John E. Brown and Moses Brown, and that Rice afterward recovered judgment against the Browns for the sum of $242·33 ; that afterward, cn the same 17th of November, " in consideration that the said James Fuller had become the receipter of said ten boxes of thread attached as aforesaid, at his request, he the said Fuller undertook to take care of the said thread, and promised to redeliver the same, on demand ; and the plaintiff avers that within thirty days after judgment was recovered as aforesaid, an execution was sued out for the same in due form of law, directed to the plaintiff or his deputy, by virtue of which the said thread was demanded of the said Fuller for the purpose of satisfying the same according to law ; yet the said Fuller, regardless of his undertaking and promise aforesaid, neglected and refused to deliver the same, whereby the plaintiff has lost the value of the thread, and said execution remains unsatisfied."

At the trial, before *Morton* J., the plaintiff proved the attachment of the thread by Thompson, on the 17th of November, towards night ; that at Thompson's request, Fuller consented that it should be put into his harness-room, but refused to take any pay therefor ; and that afterwards, and before judgment, Fuller, on the application of Moses Guild, delivered the thread to Guild. The defendant objected to the proof of this undertaking by parol, as the plaintiff, in his declaration, alleged that the defendant became the receipter for the thread ; but this objection was overruled.

The defendant then objected to evidence offered to prove that there was a demand on him by any officer within thirty days from the rendition of the judgment, there being no sufficient averment to that effect in the declaration, nor that the execution was ever delivered to the plaintiff or any one of his deputies ; which objection also was overruled.

The defendant insisted that the transaction was an arrangement or agreement between Thompson and the defendant, and not such an official act on the part of Thompson as would

enable the plaintiff, as sheriff, to maintain an action against the defendant. This objection was overruled.

It was then proved, that the execution was sued out and delivered to one Fales, a deputy of the plaintiff, and that within the thirty days Fales demanded the thread of the defendant, and that the defendant refused to deliver it, stating that he had delivered it to Guild.

The defence then set up was, that Messrs. Dunn & Brewster, of Boston, commission merchants, had a lien on the thread ; and it was proved, that they had been for some time the factors of the Browns, and had received, prior to this period, divers quantities of goods for sale on commission, by consignments from the Browns, and had made them advances in cash, on the several parcels ; that the practice was, to deliver the goods at the warehouse of Guild, in Providence, he being a wagoner or common carrier, and that the expenses of transportation were usually paid to Guild by Dunn & Brewster ; that on the morning of the 17th of November, the thread, having been delivered into Guild's warehouse, was by his clerk delivered to one Taft, then in Guild's employment, together with the teamster's bill of lading upon which the thread was entered, to be delivered at the City Tavern, in Boston, which was the place where he put up his team and where he delivered such goods as were not ordered to any other place ; that on the 17th of November, in the forenoon, John E. Brown called at the counting-room of Dunn & Brewster, and presented them an invoice of the thread, containing the marks, numbers and weights of the several boxes, and that he stated that the goods were on the way, and that thereupon Dunn & Brewster advanced to Brown on the invoice, the sum of $ 350, taking his receipt therefor, filing the invoice, and entering it in their books, and charging him with the money ; and that about two weeks afterward Guild delivered to Dunn & Brewster the ten boxes of thread, with the marks and numbers corresponding with the invoice.

If the parol evidence was legally admissible to prove the undertaking of Fuller, and if the plaintiff was legally authorized, under the declaration in this action, to prove a delivery of the execution to an officer and a demand for the goods within

thirty days after the judgment, and if this action, under the circumstances proved, could be sustained by the plaintiff in his capacity of sheriff, and if, from the facts proved, the Court should 'be of opinion, that Dunn & Brewster had not at the time of the attachment a lien on the thread, then the defendant was to be defaulted ; otherwise the plaintiff was to become nonsuit.

*Fiske* and *Wilkinson*, for the plaintiff.

*Richardson*, for the defendant.

SHAW C. J. delivered the opinion of the Court. This action is defended by Messrs. Dunn & Brewster, who claim to hold the property, by title paramount to that of the attachment made on the goods as the property of the Browns. The most important question is, whether Dunn & Brewster had acquired such a lien on the goods, that they could not be attached as the property of the Browns, who were the manufacturers, and once the acknowledged owners. Had the goods come into the actual or constructive possession of Dunn & Brewster, undoubtedly they would have had a lien on them as factors, for their general balance, as well as for their particular advance. But the Court are of opinion, that the case does not show either an actual or virtual possession. The goods were delivered by the Browns to the wagoner at Providence, to be brought to Boston. But they were delivered to him with orders to leave them at the City tavern, and they were so entered on his waybill. No orders were given him, to deliver them to Dunn & Brewster. Whilst *in transitu*, therefore, they were under the control of the consignors ; the carrier was their agent, and they had the constructive possession. Authorities were cited by the defendants to show, that when goods are consigned, a delivery to a common carrier, is in law a delivery to the consignee. This is no doubt so, where the goods are sent in pursuance of a previous order by the consignee. But in this case, so far from a previous order from the consignees, they were sent by the consignors for their own account, subject to their own order, and there would be no change of legal possession, till some further act done or destination given to the goods by them, and before any such act done, the goods were attached. The new advance created no such lien, be-

cause no actual or constructive possession was obtained before the attachment. *Sumner* v. *Hamlet*, 12 Pick. 76.

Several other questions were discussed respecting the evidence and the form of action.

It was contended that the action could not be maintained by the sheriff. For many purposes, the act of the deputy is deemed in law the act of the sheriff. *Watson* v. *Todd*, 5 Mass. R. 271. Trespass will lie against the sheriff for the official act of his deputy. *Grinnell* v. *Phillips*, 1 Mass. R. 530 ; *Quincy* v. *Hall*, 1 Pick. 357. The Court are of opinion, that the sheriff acquired such a special property in the goods, by the act of his deputy, that he might maintain an action on the case for the benefit of the attaching creditor. The goods were merely deposited with the defendant, as an agent and keeper, and the attachment was not thereby relinquished, but the special property and right of possession remained in the sheriff, so as to preserve the attachment. And all the facts being set forth in the declaration, necessary to show the plaintiff's right to recover damages, an action on the case may well lie. And the Court are also of opinion, that the giving up of the goods by Fuller to another person, under an adverse claim of title, was equivalent to a conversion.

But as the goods went into the hands of the assignees of the debtor, who had a right to hold them, subject only to the lien created by the prior attachment, the plaintiff can only recover by showing a demand made upon the defendant, with the execution of the attaching creditors, within thirty days of the rendition of the judgment. But such a demand is not averred in the declaration, and in that respect it is defective. If the plaintiff would rely upon the consideration, that the defendant had disabled himself from delivering the goods, if the fact were so, it would not apply in the present case, because the plaintiff has not averred that fact in his declaration